IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL GENORD WASHINGTON, §
       Petitioner, §
VS. § CIVIL ACTION NO. H-07-1947
 §
NATHANIEL QUARTERMAN, §
       Respondent. §

## MEMORANDUM ON DISMISSAL

Petitioner, Michael Genord Washington, seeks habeas corpus relief under 28 U.S.C. § 2254. The threshold issue is whether this petition is subject to dismissal as successive. For the reasons discussed below, the court finds that this petition should be dismissed for lack of jurisdiction.

### I.  Background

Washington challenges a conviction for murder in the 228th Judicial District Court of Harris County, Texas. (Cause Number 371407). On January 30, 2006, Washington filed a federal petition for a writ of habeas corpus, Civil Action Number 4:06-0318, collaterally attacking his conviction for murder. On February 24, 2006, this court denied Washington's claims as barred by limitations.

O:\RAO\VDG\2007\07-1947.a01

In the instant federal petition filed on June 11, 2007, Washington challenges the same conviction for murder on the following grounds:

(1) The violation of the Larrison Rule denied him due process;

(2) He was unable to exhaust state court remedies;

(3) He was denied due process because Harris County violated the Oath Clause of the United States Constitution; and

(4) He was denied due process because the trial court allowed the introduction of fabricated evidence against him.

(Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 7-8, 15).

## II. Discussion

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997).

This court dismissed Washington's earlier federal petition as time barred in Civil Action Number 4:06-0318. In federal court, dismissals grounded on the statute of limitations are final adjudications on the merits. *See Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 880 F.2d 818, 819-20 (5th Cir. 1989). In *Villanueva v. United States,* 346 F.3d 55, 61 (2nd Cir. 2003), the Second Circuit considered the issue of whether a dismissal as time-barred constituted an adjudication on the merits

for purposes of the gate-keeping rules on second or successive petitions. That court explained:

> As with habeas petitions that are denied as procedurally barred or pursuant to Stone, the dismissal of a § 2255 petition as untimely under AEDPA presents a "permanent and incurable" bar to federal review of the merits of the claim. The bar is permanent because, unlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected. Accordingly, we hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.

*Id.* at 61.

In *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003), the Seventh Circuit considered the same issue and reasoned as follows:

> Section 2244(b) requires petitioners to get permission from the courts of appeals before filing second or successive petitions in the district courts. Not every petition counts for purposes of § 2244(b), so in some cases later petitions are not considered second or successive under § 2244(b) and can be filed without permission from the courts of appeals. We have previously identified several cases in which prior petitions do not count because they suffer from technical or procedural deficiencies that the petitioners can rectify before refiling their petitions,[1] but we have never decided

---

[1] For example, the Seventh Circuit did not count petitions dismissed because the petitioner filed in the wrong district; where the petitioner failed to pay the filing fee; or where the petition was dismissed as premature. That court found that a petition did count for purposes of § 2244(b) if the petition was denied on the merits; if the petitioner voluntarily dismissed in the face of an imminent loss; or if the petition was denied based on a procedural default.

>whether a petition dismissed as untimely counts for purposes of § 2244(b). We hold today that a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims.
>
>In this case, Mr. Altman filed his prior petition after the one-year statute of limitations expired, so the district court dismissed it as untimely. Mr. Altman can do nothing to correct his late filing, and if he refiled his petition the district court would again deny it as untimely. He received his one opportunity to litigate a federal collateral attack, but he failed to do it in a timely manner. His prior petition therefore counts and he needs this court's permission to file another petition.

*Altman,* 337 F.3d at 766.

This court finds the reasoning in *Villanueva* and *Altman* to be persuasive. The dismissal of Washington's earlier federal petition based on limitations is not the type of procedural ruling that makes the instant federal petition non-successive. The statute of limitations operates as an irremediable defect barring consideration of Washington's substantive claims.

This court lacks jurisdiction to consider Washington's petition as it is a "successive" application governed by the amendments to the AEDPA requiring that the Fifth Circuit authorize the district court to consider the application before it is filed in the district court.

Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Washington's successive application, and therefore, this court lacks jurisdiction to consider Washington's habeas claims.[2]

## III. Conclusion

Washington's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED for lack of jurisdiction. Washington's constructive motion to proceed as a pauper, (Docket Entry No. 1), is GRANTED. All remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel*, 429 U.S. 473, 483 (2000)). An

---

[2] When a civil action is filed in a court and that court finds that there is a want of jurisdiction, the court shall transfer the action to any other court in which the action could have been brought at the time it was filed. 28 U.S.C. § 1631. The action shall proceed as if it had been filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred. *Id.*
From Washington's litigation history, the court determines that Washington is capable of refiling this suit in the United States Court of Appeals for the Fifth Circuit.

applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484). Washington has not made the necessary showing. Accordingly, a certificate of appealability is DENIED.

SIGNED at Houston, Texas, on June 14, 2007.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE